IN THE UNITED STATE DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

CLERK'S OFFICE U.S. DISTRICT. COURT
AT ROANOKE, VA
FILED

JUL 22 2024

LAURA A. AUSTIN, CLERK
BY: _____
DEPUTY CLERK

SIDNEY LOWEL Bowman Jr
                    Plaintiff

V.

CIvil Action No.
7:24-Cv-00475

Larry Collins
Jordan Fleming
Brittany Jones
Johnny Hall
Steven Franklin
A. Bentley
Terri Smith
D. Gardner
B. Steffey
T. Tackett
John Dotson
Micheal Williams
Amee Duncan
John Doe 1
John Doe 2
John Doe 3
Jane Doe

D. Turner
Sued in their individual
and official capacities
                Defendants

# COMPLAINT WITH JURY DEMAND

## I. INTRODUCTION

1. This is a civil action authorized by 42 U.S.C. §1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc to 2000cc-5 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States, brought by Sidney Lowel Bowman Jr., a state prisoner currently housed at Red Onion State Prison (ROSP).

## II. JURISDICTION AND VENUE

2. This Court has Jurisdiction over this action under 28 U.S.C. §1331 and 1343(a)(3). Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202. Plaintiff's claims for injunctive relief are authorized by 28 U.S.C. §§ 2283 and 2284 and Rule 65 of the Fed. R. Civ. P

3. This court has Jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a).

4. The United States District Court for the Western District of Virginia is an appropriate Venue under 28 U.S.C. §1391(b)(2) because it is where the events giving rise to this action occured.

## III. PARTIES

5. Sidney Lowel Bowman Jr is the Plaintiff in this action and was at all times mentioned herein, a prisoner of the state of Virginia in custody of the Virginia Department of Correction (VDOC). He is currently confined at Red Onion State Prison (ROSP), in Pound, Virginia.

6. Defendant Larry Collins is the Unit Manager at ROSP and is responsible for the restrictive housing step-down program.

7. Defendants Jordan Fleming and Micheal Williams are Correctional officers who hold the rank of lieutenant for VDOC in Virginia employed at ROSP.

8. Defendants Brittany Jones, D. Gardner, B. Steffey, T. Tackett, and John Dotson are Correctional officers

For VDOC in Virginia employed at ROSP.

9. Defendants A. Bentley and Terri Smith are Correctional officers who hold the rank of Sergeant For VDoc in Virginia employed at ROSP.

10. Defendants John Doe 1, John Doe 2, John Doe 3, and Jane Doe are Correctional officers For VDoc in Virginia employed at ROSP, whose names are presently unknown to Plaintiff.

11. Defendant Steven Franklin is a Correctional officer who hold the rank of Captain For VDoc in Virginia employed at ROSP.

12. Defendant Johnny Hall is a Correctional officer who hold the rank of Major for VDoc in Virginia employed at ROSP. He is in Charge of the overall Security at ROSP.

13. Defendant Amee Duncan is the Chief of Housing and Programming and is in charge of where inmate are housed.

14. Defendant D. Turner is the Assistant Warden he is employed For VDoc in Virginia at ROSP.

15. Each defendant is sued both in their individual and official capacities. At all times mentioned within this complaint, each defendant acted under the color of state law.

# IV. FACTS

16. Plaintiff was housed in Restrictive housing Step-Down program. The segregation Step-Down at ROSP is a process by which inmates progress from Security level S-Segregation to lower security levels, each level give more privileges. Plaintiff was assigned to Intensive Management level 2 (IM2), which allows inmates to have a personal television (T.v.) to watch Religious Channels via a closed circuit television broad cast for their religious service, to watch educational channels at schedule times, and for entertainment purposes. IM2 is the lowest level before inmates progress to Security level 6. Refer to Appendix F IM privileges level attached as Exhibit A.

17. On August 30, 2023 plaintiff was housed in C2 pod. plaintiff resided in C-221 on a schedule legal call with an Attorney

18 · Officer Mullins (Mullins) seen plaintiff on the phone and demanded he get off and give it to him.

19 Plaintiff informed Mullins he was on a legal call.

20 Mullins stated "I don't care, It's not your phone day, give me the phone or I will unplug it".

21 Plaintiff continued talking to the attorney until Mullins unplugged the phone base ending the call.

22 Plaintiff filed a complaint to complain that Mullins ended his legal call while he was on it.

RETALIATORY ACTIONS FOR FILING GRIEVANCE

23 On September 6,2023 defendant Fleming told plaintiff at his cell door he did not make a legal call on August 30,2023, so he will give him a chance to withdraw his complaint against Mullins. Plaintiff refused.

24 The same day defendant Fleming responded to plaintiff complaint stating "You did not make a lawyer call. Due to the above allegations, you will be charged". To cover up Mullins illegal actions

25 Later in the day, defendant Collins Knowingly and deliberately lodged a false disciplinary offense report (Charge) For 'lying or giving False information to an employee'. In retaliation For Filing a complaint against Mullins on August 30,2023

26 Plaintiff filed a complaint explaining defendants Fleming and Collins were retaliating against him For Filing a grievance on Mullins

# MISUSE OF FORCE

27 On September 7,2023 plaintiff was outside on C-building recreational yard inside a recreation module (Cage)

28 Defendants Jones, Hall, Franklin, Turner, Bentley, Smith, Collins, Fleming, John Doe1, John Doe 2, John Doe 3, and Jane Doe (names not known due to them not wearing ID tags) were on C-building recreation yard

29 Defendant Jones began to act aggressively towards plaintiff and other inmates walking up and down the rows of cages telling inmates she would beat their ass while randomly and recklessly releasing burst of

Mace spray at Plaintiff and other inmates.

30. After this defendants Gardner, Dotson, Steffey, and Tackett part of the extraction team wearing body equipment and body worn cameras entered plaintiff cage.

31 Once plaintiff was on the ground being held defendants Jones, John Doe 1, and John Doe 2 ran inside the cage Violating prison policy.

32 While plaintiff was on the ground not resisting defendant Jones began to repeatedly strike plaintiff in the head and face with her OC Mace Canister

33 Defendants Gardner, Dotson, Steffey, Tackett, John Doe 1, and John Doe 2 did not intervene verbally or physically to prevent these blows, and the plaintiff believes that these defendants also struck him.

34 Defendants Hall, Franklin, Bentley, Collins, Fleming, John Doe 3, Jane Doe, and Turner remained on the outside of the Cage Saw plaintiff being restrained and posing no threat and refused to prevent or intervene verbally or physically to stop the assault from continuing

35 Upon information and belief after plaintiff was removed from the recreation yard defendant Jones stated "My guys got my back". When inmates said she would get Fired. To show support defendant Hall stated "Yeah, we got her." Then gave her a high Five. Refer to Affidavit by Diairion Davis attached as Exhibit B, and Affidavit by Brandon Crosby attached as Exhibit C.

36 As a result of this assault plaintiff received swelling to head and face, laceration to face, numerous bruises, suffer severe migraine headaches, and spent eleven consecutive days in the prison infirmary for these injuries. Since then plaintiff suffer bad anxiety, loss of sleep and placed on sleep medication. Also have met with mental Health professionals about this. Several times.

37 Plaintiff exhausted the grievance process to this incident

## DENIAL OF ACCESS TO RELIGIOUS SERVICES

38 Plaintiff is a Sunni Muslim and his religion is Islam. Plaintiff is a believer of the Holy Qur'an (The Holy Book) For all muslims, Attending Jum'ah (Friday religious Service) is a central tenet of Islam. Being absent incurs a terrible sin and deprives plaintiff to acquire many blessings

39 On September 18, 2023 defendant Collins had plaintiff placed in Cell C308 a mental health cell without any rational basis for doing so, while there was other cells open in C-building where the plaintiff was to be housed because of his IM pathway status. Plaintiff have no mental Health issues to be placed in this cell, that has no power Sockets with all his personal property but NO Mattress, even after plaintiff directly asked defendant Collins to get him one.

40 On September 19, 2023 plaintiff spoke to defendant Collins about being in cell C-308, he showed defendant Collins his personal T.V. and explained he would not be able to attend Jum'ah service on Friday and this also denied him IMZ privileges of watching T.V. in the cell like all IMZ inmates. Plaintiff again asked for a mattress and was denied.

41 Defendant Collins told plaintiff he should of thought of that before writing dumb ass complaints. Plaintiff replied "I was in medical eleven days, I don't want no problems but I have a right to religious service and privileges like everyone else". Defendant Collins retorted "I told you don't fuck with me, I won't fuck with you" then walked off

42 The same day plaintiff sent a request, requesting to be moved to a different cell and receive a mattress. Plaintiff received a reply.

43   September 19,2023 plaintiff Filed a grievance explaining in detail Mullins actions on August 30,2023, that grievance was denied as non-grievable due to defendant Collins Filed charge.

44   Plaintiff Filed an appeal to the grievance explaining why It should be accepted Concerning Mullins actions, that was denied.

45   September 23,2023 plaintiff received a mattress.

46   September 24,2023 plaintiff Filed a grievance detailing what defendants Collins and Fleming retaliation action were. that grievance was denied as non-grievable due to defendant Collins Charge.

47   Plaintiff Filed an appeal to the grievance explaining why It should be accepted concering defendants Collins and Fleming actions, that was denied.

48   September 28,2023 plaintiff sent in a Facility request, requesting to be moved to a different cell just to attend Jum'ah services and then returned back to cell C308 on Fridays. Plaintiff received no reply

49   October 2,2023 at 10:45 A.M. plaintiff Spoke to

defendant Duncan while at the inpod recreation table. Plaintiff informed Defendant Duncan he was being punished by defendant Collins for writing a complaint on him and defendant Fleming, and by doing this he was denying him his IMZ privileges and his ability to attend Jum'ah Service.

Defendant Duncan Stated "Your in that cell because you caused a disturbance on the Yard", referring to the incident on September 7, 2023. Plaintiff replied "I was never given a charge for that, So ya'll can't Just take my privileges". Defendant Duncan responded "Your on our time not yours. We'll move you when we're ready".

Nicco Pledger was IMZ the same time as plaintiff and was accused of a disturbance on the yard through a charge, but was placed back in his Cell C310 and given all his privileges. For IMZ.

Plaintiff exhausted the grievance process against Defendant Duncan without obtaining any relief

On October 12, 2023 plaintiff filed a second grievance concering Mullins conduct, after a disciplinary hearing was not held for the charge defendant Collins wrote.

54 On October 22, 2023 plaintiff was finally moved, to cell C-309. A cell with working power after (34) thirty four days.

RETALIATORY ACTIONS FOR FILING GRIEVANCE

55 On October 27, 2023 plaintiff received a charge for 'False Statements or Charges against an employee'.

56 Defendant Williams knowingly and deliberately falsely lodged a charge based off plaintiff complaint filed on October 12, 2023.

57 Plaintiff exhausted the grievance process against defendant Williams.

EXHAUSTION OF ADMINISTRATIVE REMEDIES

58 Plaintiff used the prisoner grievance procedure available at Red Onion State Prison to try and solve the issues pretaining to this complaint.

59 On September 6, 2023 plaintiff presented the facts relating to defendants Fleming and Collins retaliating against him for filing a grievance. The grievance was denied as non-grievable due

to receiving a charge from defendant Collins, because this grievance was denied being process at intake for the issue presented as non-grievable. Plaintiff has no administrative remedies available to exhaust these presented issue. The disciplinary appeal process was not available to me because there was no hearing so no written disposition to appeal.

60 Every other claim presented in this complaint has been exhausted to the final level of appeal. Plaintiff receiving a response that all administrative remedies has been exhausted pertaining to each claim presented. See Exhibits D;E;F;G;H;I.

# V. LEGAL CLAIMS

61 Plaintiff reallege and incorporate by reference paragraphs 1-60.

Retaliation

62 By filing disciplinary offense reports knowingly and deliberately falsely on plaintiff for exercise of his right to seek redress from the prison through use of the prison grievance system, defendants Collins and Williams retaliated against plaintiff unlawfully, in violation of plaintiff rights under the First Amendment 'Free Speech' to the United States Constitution.

Conspiracy

63 The actions of defendants Fleming and Collins Conspiring together to File an disciplinary offense report on plaintiff for exercise of his right to seek redress from the prison through use of the prison grievance system, Unlawfully Violated plaintiff rights. Under the First Amendment 'Free speech' to the United States Constitution.

64 The actions of defendants Jones, Hall, Franklin, Bentley, Smith, Gardner, Steffey, Tackett, Dotson, Collins, Fleming, Turner, Doe 1, Doe 2, Doe 3, and Jane Doe in using physical force against the plaintiff without need, or in Failing to intervene to prevent the misuse of force, were done maliciously and sadistically and constituted Cruel and Unusual punishment in violation of Eighth Amendment of the United States Constitution, and caused plaintiff pain, suffering, physical injury and emotional distress.

Bystander liability

65 The failure of defendants Hall, Franklin, Bentley, Smith, Gardner, Steffey, Tackett, Dotson, Collins, Fleming, Turner, Doe 1, Doe 2, Doe 3, and Jane Doe

to intervene verbally or physically to stop defendant Jones from repeatedly striking plaintiff in the head with a mace canister, shown deliberate indifference to plaintiff safety by watching this happen, in violation of the Eighth Amendment to the United State Constitution

Assault and Battery

66 The action of defendant Jones in using force against the plaintiff without need constituted the tort of assault and battery under the law of Virginia

Denial of Access to Religious Service

67 By defendants Collins and Duncan placing plaintiff in a cell without working power and intentionally refusing to place him in a cell with power to attend his religious based Islamic Jum'ah service violated plaintiff right to 'Free Exercise clause' of the First Amendment to the United States Constitution and the Religious Land Use and Institutionalized Persons Act 42 2000 cc to 2000 cc-5

Equal Protection

68 The failure of defendants Collins and Duncan to treat plaintiff the same as Nicco pledger and all other inmates on intensive management level 2

without rational basis, by denying plaintiff the ability to attend religious service via T.V. and refusing to place him in a cell with working power, violating plaintiff equal protection under the fourteenth Amendment to the United States Constitution

# VI. PRAYER FOR RELIEF

A) Award declaritory relief by entering an order that defendants actions and inactions violated the plaintiff's Constitutional and Statutory rights, as well as laws of the United States

B) Award injunctive relief by

1 Transferring plaintiff out of the western Region of Virginia, and to be housed outside the western Region for the remainder of plaintiff's sentence

2 Transfer out Virginia Department of Corrections to Connecticut Department of corrections

3 Have defendants debrief and trained on the actions and inactions which may violate a prisoners Constitutional and statutory rights, including but not limited to ones rights under RLUIPA.

c) Award compensatory damages in the following amounts

1. $100 Jointly and severally against defendants Collins and Duncan for each day plaintiff was housed in cell C308 and remained under the aforementioned conditions which were violation of his Constitutional and statutory rights

2. $30,000 Jointly and severally against defendants Collins, Williams, and Fleming for the violation of plaintiff freedom of speech

3. $100,000 Jointly and severally against defendants Collins and Duncan for all five Jum'ah services and Equal protection that was denied and violated.

4. $100,000 Jointly and severally against defendants Jones, Hall, Collins, Turner, Fleming, Tackett, Steffey, Dotson, Gardner, Franklin, Bentley, Smith, Doe 1, Doe 2, Doe 3, and Jane Doe for the physical and emotional injuries sustained as a result of plaintiff beating

D) Award punitive damages in the following amount

1. $20,000 each against defendants Collins, Jones.

2. $15,000 each against defendants Tackett, Steffey, Dotson, Gardner, Hall, Franklin, Bentley, Smith, Doe 1, Doe 2, Doe 3, Jane Doe, Turner, Fleming, and Duncan

E) Plaintiff seek recovery of all cost in this suit

F) Award any other relief as the court may seem the plaintiff is entitled, just, proper, and equitable

G) Grant a jury trial on all issues triable by jury

Dated: July 12th, 2024

Respectfully submitted,

Sidney Bowman, #1396143

Pro-se Plaintiff

VA Doc central mail distribution center

3521 Woods Way

State farm, VA 23160

# VERIFICATION

I, Sidney Lowel Bowman Jr, have read the foregoing complaint and hereby verify that the matters alleged therein are true and accurate to the best of my knowledge and belief. I certify under penalty of perjury (pursuant to 28 U.S.C. §1746(2)) that the foregoing is true and correct, on this 12th day of July, 2024.

⑤ Bow

STATE OF VIRGINIA

City/County of

I, Sidney Lowel Bowman Jr, the plaintiff in this action, do hereby certify that, under penatly of perjury (pursuant to Va. Code §8.01-4.3) the facts set forth herein are true and correct to the best of my knowledge and belief

⑤ Bow

STATE OF VIRGINIA

City/County of

The foregoing signature of Sidney Lowel Bowman Jr, was personally signed before me, a Notary Public in and for the state of Virginia, in the city/county of Wise on this 12th day of July 2024

Christopher. Cox
Notary Public
9-30-2025
my commission expires

CHRISTOPHER L. COX
NOTARY PUBLIC
Commonwealth of Virginia
Registration No. 7940048
My Commission Expires Setember 30, 2025

SYDNEY BOWMAN #1396143
RED ONION STATE PRISON
P.O. BOX 970
Pound, VA 24279

VA DEPTARTMENT OF CORRECTIONS
HAS NEITHER CENSORED OR INSPEC
ITEM THEREFORE THE DEPARTMENT
NOT ASSUME ANY RESPONSIBILITY
FOR IT'S CONTENTS

RECEIVED
DATE

JUL 18 2024

MAILROOM

United S-
OFFice
210 Franklin
Roanoke, VA



US POSTAGE PITNEY BOWES

ZIP 24279 **$ 003.71⁰**
02 4W
0000366944 JUL 18 2024

TED
DOES

tates District Court

OF the Clerk

Road, SW, Suite 540

24011

**RECEIVED**

JUL 22 2024

USDC Clerk's Office
Mail Room