CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

June 16, 2026

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| SIDNEY LOWEL BOWMAN, JR., | ) | |
| Plaintiff, | ) | Civil Action No. 7:24-cv-00475 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| LARRY COLLINS, *et al.*, | ) | Chief United States District Judge |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Sidney Lowel Bowman, Jr., a Virginia inmate acting *pro se*, brought this action pursuant to 42 U.S.C. § 1983.  Bowman filed an amended complaint (Dkt. No. 43), and the defendants filed a motion to dismiss or to sever the amended complaint (Dkt. No. 48).  On January 20, 2026, the court issued an order severing this case into a total of six cases.  (Dkt. No. 64.)  The court's order stated that this case "shall involve the allegations on pages 5 through 7 (paragraphs 1 through 4) of the amended complaint.  These allegations are that defendants Fleming and Collins retaliated and conspired against plaintiff by filing a disciplinary charge against him for filing grievances against Officer Mullins when Mullins unplugged the telephone that plaintiff was using while speaking with an attorney on August 30, 2023.  The defendants in this action are Fleming and Collins." (*Id.* at 4.)

After the court's severance order, plaintiff has filed motions for default judgment, arguing that the defendants are in default due to their failure to file an answer.  (Dkt. Nos. 67, 68.)  Defendants responded to plaintiff's motions for default judgment.  (Dkt. Nos. 71, 74.) Defendants have also filed answers to the amended complaint.  (Dkt. Nos. 73, 77.)

As an initial matter, the court does not agree that defendants are in default.  Before this case was severed, defendants filed a timely motion to dismiss, or in the alternative, to sever the

amended complaint.  When the court issued its severance order, the court did not establish a schedule for how this case would proceed on just the allegations in paragraphs one through four in the amended complaint, and the Federal Rules of Civil Procedure do not appear to govern how or when an answer should be filed after severance.  *See* Fed. R. Civ. P. 12.

Moreover, even if defendants have missed the deadline for answering the severed complaint, they have established good cause and excusable neglect for an extension of time. "When an act may or must be done within a specified time, the court may, for good cause, extend the time on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).  The Supreme Court has established the following factors for consideration in determining whether a moving party has established excusable neglect: (1) the danger of prejudice to the non-moving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was in the reasonable control of the movant; and (4) whether the movant acted in good faith.  *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *McHenry v. Ace Transport Miami LLC*, Civil Action No. 2:25-cv-00367, 2025 WL 2798509, at *2 (S.D.W. Va. Sept. 26, 2025).  The most important factor is the third factor, the reason for the delay. *Kirby v. Red Bull N. Am., Inc.*, C/A No. 3:19-cv-2701-CMC, 2021 WL 11879723, at *2 (D.S.C. Jan. 12, 2021) (citing *Pioneer*, 507 U.S. at 394).  The Fourth Circuit has noted that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect." *Thompson v. E.I. Dupont de Nemours & Co.*, 76 F.3d 530, 533 (4th Cir. 1996).  At bottom, whether neglect is excusable is an equitable determination that factors in all the relevant circumstances surrounding the missed deadline. *Martin v. Axis Ins. Co.*, No. 5:23-

CV-00448-BO, 2024 WL 2221481, at *1 (E.D.N.C. May 15, 2024) (citing *Pioneer*, 507 U.S. at 395).

In considering the reason for the delay, defendant Collins was initially represented by the Office of the Attorney General (OAG).  After the court's severance order, the OAG became aware of a conflict of interest involving Collins and requested the appointment of outside counsel for Collins.  Outside counsel was contacted on May 7, 2026, and discovered the motion for default judgment filed by Bowman.  (Dkt. No. 71.)  Thus, the court finds sufficient justification for the delay by Collins, and the delay was not in his reasonable control.

Counsel for Fleming[1] argues that the delay in answering was due to counsel's heavy case load, an illness in April 2026, and the OAG's investigation into the conflict involving Collins.  While these reasons may not be sufficient to establish excusable neglect for Fleming's late answer, the court finds that the other factors favor granting an extension and avoiding a default for both defendants.  *See Penn-Am. Ins. Co. v. White Pines, Inc.*, Civil Action No. 2:19cv57, 2019 WL 13160135, at *2 (E.D. Va. Oct. 24, 2019) (explaining that courts have found excusable neglect when "accompanied by a detailed, rational explanation of the error" and "in light of the other relevant *Pioneer* factors").  Plaintiff would not be prejudiced due to the "strong preference" in federal court for resolving disputes "on their merits."  *Colleton Preparatory Acad., Inc. v. Hoover Univ., Inc.*, 616 F.3d 413, 417 (4th Cir. 2010).  "[N]o cognizable prejudice inheres in requiring a plaintiff *to prove* a defendant's liability, a burden every plaintiff assumes in every civil action filed in every federal court."  *Id.* at 419.  Because this case is in its very early stages, the court finds there is little impact on judicial proceedings, and any delay caused by defendants' neglect is minimal.  Under the final factor, defendants have acted in good faith to correct their

---

[1] Fleming is represented by the OAG and was represented by the OAG at the time of the severance order.

error.  *See Penn-Am. Ins.*, 2019 WL 13160135, at *3 (finding excusable neglect where "there is no suggestion that Polli's error was a product of his counsel's deliberate neglect or bad faith. His diligence in seeking to correct the error also bears on the court's exercise of discretion").

Accordingly, it is HEREBY ORDERED that Collins' motion for an extension of time (Dkt. No. 71) is GRANTED, such that Collins' answer (Dkt. No. 77) is deemed to be timely filed.  Fleming's motion for an extension of time (Dkt. No. 74) is GRANTED, such that Fleming's answer (Dkt. No. 73) is deemed to be timely filed.  Plaintiff's motions for default judgment (Dkt. Nos. 67, 68) are DENIED.

It is FURTHER ORDERED that pursuant to Standing Order 2024-16, defendants shall file a motion for summary judgment supported by affidavits, or a notice of their intent not to file such a motion, within 45 days of this order.

The Clerk is DIRECTED to provide a copy of this memorandum opinion and order to Bowman and to all counsel of record.

Entered: June 16, 2026.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge

4